IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| OTIS LAIRD BOGGESS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0293 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY
APPLICATION TO PROCEED *IN FORMA PAUPERIS*
and TO DISMISS FOR FAILURE TO PAY FILING FEE**

On October 30, 2006, petitioner tendered to this Court a pleading attempting to initiate a federal habeas corpus proceeding. Petitioner did not, however, submit with his petition any payment to satisfy the requisite filing fee, nor has he submitted an application to proceed *in forma pauperis* with a certified *in forma pauperis* data sheet from the institution in which he is confined. Instead, petitioner wrote at the top of his habeas application, "For Order that Respondent Remit From Petitioner's Trust Account the Five-Dollar Filing Fee...Together With Motions for Permission For Leave to File Temorary (sic) In Forma Pauperis Pending Respondent's Compliance with (illegible)."

On November 2, 2006, permission to proceed *in forma pauperis* was granted temporarily to petitioner, pending submission of a certified history of his inmate trust account indicating he is unable to pay the filing fee or, alternatively, receipt of the $5.00 filing fee. On November 20,

2006, petitioner submitted to the Court an Application to Proceed *in Forma Pauperis* along with a certified history of his inmate trust account. At the bottom of his inmate trust account petitioner has written, "As seen here I am abled (sic) to pay costs and move for an order that respondent remits the $5 filing fee to [the] court."

Petitioner's data sheet reflects receipt of deposits totaling $265.00 during the six-month period prior to the filing of his petition. The data sheet also reflects petitioner has maintained an average balance of $244.46 for the six months prior to his filing, and a current balance reflected of $246.00.

Petitioner does not qualify for a grant of pauper's status. Petitioner possesses, has possessed, or has had access to, the funds needed to pay the $5.00 filing fee in the instant cause and should have included such payment with the submission of his application or subsequent to such submission. Further, petitioner is again admonished it is his responsibility to authorize his institution to disburse the requisite funds from his trust account by properly completing and submitting to the prison a Form I-25 entitled "Inmate Request for Withdrawal" and this Court will not order such disbursement of funds.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that petitioner's request to proceed *in forma pauperis* be DENIED. It is the further RECOMMENDATION of the Magistrate Judge that the habeas application filed by petitioner OTIS LAIRD BOGGESS be DISMISSED for failure to pay the $5.00 filing fee.

**INSTRUCTIONS FOR SERVICE**

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 21st day of November 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

**If petitioner pays the $5.00 filing fee within fourteen (14) days after the "entered" date of this Report and Recommendation the recommendation of dismissal will be withdrawn.**

**If, within fourteen (14) days after the "entered" date of this Report and Recommendation, petitioner submits to this Court evidence that he has authorized his institution to disburse the requisite funds from his trust account by properly completing and submitting to the prison a Form I-25 entitled "Inmate Request for Withdrawal," this case will be held in abeyance for thirty (30) days from the date of the Form I-25, pending receipt of the filing fee. If payment has been received during the 30-day time period, the recommendation of dismissal will be withdrawn. If no payment has been received at the end of the 30-day time period, the case will remain subject to dismissal. It is petitioner's responsibility to monitor the disbursement of the requisite funds from his trust account, and ensure that such funds have been withdrawn and transmitted to the Court. Petitioner shall advise the Court, prior to the expiration of the 30-day period, as to any legitimate reason why the funds will not be received by the Court within the time period.**

**Petitioner is advised that the payment of the filing fee will not guarantee that this Court will reach the merits of petitioner's application.**